IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

TAYLOR P., by and through her parents,   )
CHRIS P. and CARRIE C.,   )
   )
      Plaintiffs,   )
   )  Case No. 06-4254-CV-C-NKL
     v.   )
   )
MISSOURI DEPARTMENT OF   )
ELEMENTARY AND SECONDARY   )
EDUCATION and POPLAR BLUFF R-I   )
SCHOOL DISTRICT,   )
   )
      Defendants.   )
   )
POPLAR BLUFF R-I SCHOOL DISTRICT,)
   )
      Counterclaim Plaintiff,   )
   )
     v.   )
   )
CHRIS P., CARRIE C., NEAL TAKIFF,   )
and JENNIFER HANSEN,   )
   )
      Counterclaim Defendants,   )

**ORDER**

Plaintiffs Chris P. and Carrie C. ("the Parents") bring this action on behalf of their

daughter, Taylor P., under the Individuals with Disabilities Education Act ("IDEA"), 20

U.S.C. § 1401 et seq., to challenge the result of a due process hearing held January 23-27

and March 27-29, 2006. The Poplar Bluff R-I School District ("the District") has

counterclaimed for prevailing party attorney's fees against the Parents and their former

1

attorneys ("Takiff and Hansen") under 20 U.S.C. § 1415(i)(3)(B)(i)(II).  Pending before

the Court is Takiff and Hansen's Motion to Dismiss the Counterclaim [Doc. # 30].  For

the reasons set forth below, the Motion to Dismiss is denied.

## I.  Background

For the purposes of this Motion to Dismiss, the Court accepts as true the facts

alleged in the District's Counterclaim which were referenced in this Court's order

denying the Parents' motion to dismiss the counterclaim [Doc. # 28].

In support of their motion to dismiss the counterclaim, Takiff and Hansen have

raised four issues in their pleading: 1) personal jurisdiction; 2) subject matter jurisdiction

(ripeness); 3) statute of limitations; and 4) failure to state a claim upon which relief can be

granted.  Additionally, Takiff and Hansen argue that at the time the Parents sought a due

process hearing, there was no statutory authority to award attorney fees to a school

district even when it was the prevailing party.

## II.  Discussion

### A.  Retroactivity

The District's claim for attorney's fees is based on the 2004 version of the IDEA.

In that year, the IDEA was changed to permit a prevailing local educational agency to

recover attorney fees against the attorney of a parent who files a complaint that is

frivolous, unreasonable, or without foundation, or against the attorney of a parent who

continues to litigate after the litigation clearly becomes frivolous, unreasonable, or

without foundation.  *See* 20 U.S.C. 1415(I)(3)(b)(i)(II).  This provision did not go into

effect until July 1, 2005, eight months after the Parents filed their request for a due process hearing.

Takiff and Hansen argue that the 2004 version of the IDEA should not be applied retroactively in this case because the statute doesn't authorize a retroactive application and there is a presumption against retroactivity. The District argues that this case falls within the recognized *Bradley* exception to the presumption against retroactivity and should be applied from the Parents' initial filing in November 2004.

When a case implicates a federal statute enacted after the events in the suit, the Court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. *See Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994). The text of 2004 amendments to the IDEA do not evince any clear expression of congressional intent.[1] *See Tucker by Tucker v. Calloway County Bd. of Educ.*, 136 F.3d 495, 501 (6th Cir. 1998). When a statute contains no such express provision, the court must determine whether application of the amendment would "increase a party's liability . . . with respect to transactions already completed," and, if so, the traditional presumption is that the amended statute should not control. *See Bowen v. Georgetown University Hosp.*, 488 U.S. 204, 208 (1988); *Landgraf*, 511 U.S. at 280.

---

[1]The previous Handicapped Children Protection Act provision for attorney's fees for claims raised under the Education of the Handicapped Act (after which the IDEA was modeled) was explicitly retroactive, *see Yaris v. Special School Dist. of St. Louis County*, 661 F.Supp. 996, 998 (E.D. MO, 1987), suggesting that the omission of comparable language in the 2004 act "cannot realistically be attributed to oversight or to unawareness of the retroactivity issue." *See Landgraf*, 511 U.S. at 256. This alone is a strong indication that the new attorney fee provision should not be applied retroactively.

3

*Bradley* is a narrow exception to the *Bowen* presumption against retroactivity. *See Bradley v. School Bd. of City of Richmond*, 416 U.S. 696 (1974). In *Bradley*, the Supreme Court retroactively applied a new fee provision allowing prevailing plaintiffs to seek attorney's fees in school desegregation cases. However, this case is distinguishable from *Bradley*.

*Landgraf* makes clear that *Bradley* was only a narrow exception to the *Bowen* presumption. *See Landgraf*, 511 U.S. at 277-279. In fact, *Bradley's* directive to apply the law in effect at the time of decision explicitly includes the caveat that it does not apply where "doing so would result in manifest injustice." *Bradley*, 416 U.S. at 711. *Landgraf* points out that there was no injustice in the narrow *Bradley* situation for two reasons—both of which distinguish this case.

First, imposition of the one-way fee provision against the school board in *Bradley* did not alter the Board's previously existing "constitutional responsibility for providing pupils with a nondiscriminatory education." *Bradley*, 416 U.S. at 721. In other words, because the board already had a constitutional responsibility to act in a certain way, the new fee provision alone could not be a legitimate reason for the board to change its "predicate actions" respecting the students. This case is different. Here, the new portion of the fee provision operates against parents and their lawyers. Parents and their lawyers have no previous, overriding constitutional obligation to refrain from requesting an administrative hearing; therefore, a fee provision could legitimately affect that predicate behavior.

4

Secondly, in applying the new fee provision, the *Bradley* court saw no manifest injustice "in light of the prior availability of a fee award and the likelihood that fees would be assessed under pre-existing theories." *Bradley*, 416 U.S. at 721. The court concluded that "the new fee statute simply did not impose an additional or unforeseeable obligation upon the school board." *Id.* The District has identified no pre-existing theories under which complaining parents or their attorneys could be held liable for prevailing-party attorney's fees. Therefore, this amendment does impose an unforeseeable obligation upon plaintiffs requesting a hearing and it would be manifestly unjust to retroactively apply the attorney fee shifting provision of the 2004 IDEA under these circumstances.

The District alternatively claims that the fee provision should be applied "at least as of December 30, 2005" (Counterclaim, p. 31 ¶ 62) because that was when Takiff and Hansen filed a new statement of issues to be decided during the administrative hearing—replacing the Parents' initial, more general filing from a year earlier. When Takiff and Hansen filed the revised statement, the July 5, 2005 amendments to the IDEA were already in effect. The District in oral argument asserted that amending the issues allowed the Parents and their lawyers an opportunity to re-evaluate their claim under the demands of the new law and therefore the new law imposed no unforeseen obligations. Consequently, the District argues that a "frivolous action" was effectively initiated after the new law was in place, and the new provision for attorney's fees should apply from Dec. 30 onward.

This argument would be persuasive, but the administrative panel decided that the Dec., 2005 statement of issues was not actually an amendment at all. *See* Due Process Decision at 2 n.1. Rather, the panel decided that issues 1,2, and 4 were only a "more specific listing of what was expressed in the original due process request and not additional issues." *Id.* And the panel dismissed issue 3 as a matter of law without hearing evidence related to it. *Id.* Therefore, the Dec. 2005 statement of issues did not restart the action and cannot serve as the predicate act of "filing" a frivolous complaint which the IDEA proscribes. *See* 20 U.S.C. 1415(I)(3)(b)(i)(II).

Finally, although the 2004 IDEA cannot be applied retroactively to the date of the initial filing of the complaint, and Takiff and Hansen's restatement of the issues can not be considered "initiating" a frivolous lawsuit after the 2004 IDEA was in effect, the Court cannot say that the District is unable to prove that under any circumstances Takiff and Hansen continued to litigate after the effective date of the statue what had become a frivolous or unreasonable claim. Counterclaim, p. 31 ¶ 62(b); *see Fernandez-Vargas v. Gonzales*, 126 S.Ct. 2422, 2432 (2006). Therefore, the Court will not dismiss the counterclaim based on Takiff and Hansen's retroactivity argument.

**B.     Personal Jurisdiction**

Takiff and Hansen allege that this Court does not have personal jurisdiction over them because the District did not have leave of this Court to join them as defendants to the counterclaim against the Parents. However, no such leave of court is required. Rule 13(h) states: "Persons other than those made parties to the original action may be made

parties to a counterclaim . . . in accordance with the provisions of Rules 19 and 20."

Joining a party under Rule 20 does not require leave of court as Takiff and Hansen

suggest; rather, the filing of the counterclaim itself joined Takiff and Hansen to the action

as counterclaim defendants.

In addition, Takiff and Hansen argue that they have not been properly served

pursuant to Rule 4. However, the personal service of Mar. 30, 2007 is adequate under

Rule 4; and it was effected within the time frame permitted by this Court. *See* Fed. R.

Civ. P 4; *See* Doc. #28. Therefore, this Court has personal jurisdiction over Takiff and

Hansen as they have been properly joined and served.

### C.      Subject Matter Jurisdiction

#### 1. Ripeness

Takiff and Hansen assert that this court does not have subject matter jurisdiction

over the counterclaim because an action to recover attorney's fees under 20 U.S.C. §

1415(i)(3)(B) is generally not considered ripe until the administrative proceeding is

finally decided, including all appeals. However, the District is already the prevailing

party at the administrative hearing. The Eighth Circuit has held that a plaintiff is a

"prevailing party" if he obtains "actual relief on the merits of his claim [that] materially

alters the legal relationship between the parties by modifying the defendant's behavior in

a way that directly benefits the plaintiff." *Birmingham v. Omaha School Dist.*, 298 F.3d

731, 734 (8th Cir. 2002) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 (1992)).

Similarly, it is logical to assume that a defendant is a prevailing party for purposes of the

7

IDEA fee provision if, after "any action or proceeding," he is not required to provide any relief or benefit to the plaintiff. *See* 20 U.S.C. § 1415(i)(3)(B). Therefore, at least for purposes of the Motion to Dismiss, the District is a prevailing party within the meaning of the IDEA because it was not required to modify its behavior in any way. *See* Due Process Decision at 59.

The fact that the Parents have sought judicial review of the administrative decision does not make the attorney's fee claim unripe. *See Poole v. Rourke*, 779 F.Supp 1546 (E.D. Cal. 1991). As noted by the Poole Court, the party seeking fees "is not required to wait until all post-judgment appeals have been exhausted to collect his fee." *Id.*; *see also Animal Lovers Volunteer Ass'n v. Carlucci*, 867 F.2d 1224, 1225 (9th Cir. 1989)

Therefore, the District's counterclaim is ripe. The logistical issues that Takiff and Hansen raise may be resolved simply by delaying action on the request for attorney's fees until after the merits of the appeal have been adjudicated. These logistical concerns, however, do not deprive the Court of jurisdiction.

### 2. Exhaustion of Administrative Remedies

Takiff and Hansen further allege that this Court cannot have subject matter jurisdiction until the District has exhausted all administrative remedies. However, a party is not required to exhaust administrative procedures and remedies where doing so would be futile or where the administrative agency would be unable to provide adequate relief. *See Monahan v. State of Neb.*, 645 F.2d 592, 597 (8th Cir. 1981); *Blackmon v. Springfield R-XII School Dist.*, 198 F.3d 648, 656 (8th Cir. 1999); *See W. B. v. Matula*, 67 F.3d 484,

8

496 (3rd Cir. 1995) (holding that the IDEA does not require exhaustion where the relief

sought is unavailable in an administrative proceeding).

In this case, the administrative panel explicitly found, and this court agrees, that

the IDEA does not authorize administrative panels to award attorney's fees.[2]  *See* Due

Process Decision at 2 n.2.  Under the plain language of the IDEA, only "the court" is

authorized to award fees.  Therefore, it would be futile to require further administrative

exhaustion under the facts of this case.

Furthermore, even if the administrative panel were authorized to award fees under

the IDEA, Attorney's fee inquiries largely present questions of law which do not require

administrative agency expertise.  *See Vultaggio ex rel. Vultaggio v. Board of Educ.,*

*Smithtown Central School Dist.*, 216 F.Supp. 2d 96, 103 (E.D.N.Y. 2002).  Consequently,

there is no reason to require administrative exhaustion.

## C.      Statute of Limitations

Takiff and Hansen argue that the appropriate statute of limitations for requesting

attorney's fees in this case is 30 days, as provided in the Missouri Administrative

Procedures Act.  However, Missouri law does not control these proceedings.  Rather, this

action is procedurally governed directly by the text of the IDEA.  *See* 20 U.S.C. §

1415(i)(2)(A); *See* Due Process Decision at 59.

The IDEA itself does not include a time limitation for seeking attorney's fees.

---

[2]Although it was not required, the District did request attorney's fees from the panel and that
request was denied.  *See* Due Process Decision at 2 n.2.

When Congress does not provide a statute of limitations for a federal cause of action, a court should "borrow" the most analogous state law. *See Lampf, Pleva, Lipkind. Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 355 (1991); *See Aaron v Brown Group, Inc.*, 80 F.3d 1220, 1223 (8th Cir. 1996).

The 30-day limitation provided in the Missouri Administrative Procedures Act (MAPA) is not an analogous state law because the District's counterclaim is a federal cause of action entirely separate from the administrative hearing. Indeed, the administrative panel in an IDEA case does not have the power to award attorney's fees. Therefore, seeking prevailing party fees under the IDEA is not analogous to the administrative process.

Furthermore, the MAPA 30-day limit does not apply because the Eighth Circuit has recognized that prevailing parties may claim attorney's fees by motion pursuant to Rule 54(d)(2) at the conclusion of an appeal under 1415(i)(2). *See Birmingham v Omaha Sch. Dist.*, 298 F.3d 731, 733 (8th Cir. 2002) (noting that the parents' attorney filed a motion for attorney fees upon remand after an appeal of the district court's decision in an IDEA action). Since a prevailing party can file for attorney's fees even at the conclusion of an appeal, Congress could not have intended a limit as short as thirty days for seeking attorney's fees from administrative procedures.

Rather, the state statute of limitations most analogous to the District's counterclaim is the general limitation on statutory liability found in Mo. Ann. Stat. § 516.120.2, imposing a five-year limitation for "an action upon [any] liability created by a

statute other than a penalty or forfeiture." *See Zipperer By and Through Zipperer v. School Bd. of Seminole County, Fla.*, 111 F.3d 847, 851 (11th Cir. 1997) (sound policy suggests allowing more time for filing an action for attorney's fees under the IDEA than for filing a substantive appeal of the administrative decision); *see e.g., Robert D. v. Sobel*, 688 F.Supp. 861, 864 (S.D.N.Y. 1988) (borrowing the three-year statute of limitations for actions to recover upon a liability imposed by statute).    Therefore, for purposes of this case, the Court adopts a five year statute of limitations for the District's claim for attorney fees.

## D.     The District's Counterclaim Does Not Fail to State a Claim upon Which Relief Can Be Granted

A counterclaim should not be dismissed for failure to state a claim unless it "appears beyond doubt that the [counterclaimant] can prove no set of facts to warrant a grant of relief." *Knieriem v. Group Health Plan, Inc*., 434 F.3d 1058, 1060 (8th Cir. 2006).  The IDEA allows the District to seek attorney's fees from the "attorney of a parent who continue[s] to litigate after the litigation clearly became frivolous, unreasonable, or without foundation."  20 U.S.C. 1415(i)(3)(B)(ii).  Takiff and Hansen argue that because the hearing panel voted 2-1 against them on some points, their litigation was not frivolous as a matter of law.  They offer no legal support for this assertion.  Additionally, they contend that no facts are presented or alleged which could possibly warrant an award of fees in this case.  However, the District's Counterclaim alleges that Takiff and Hansen ignored repeated warnings from the District's lawyers that the District viewed the complaint as frivolous because the Parents had failed to comply

11

with IDEA's requirements for alternative placement. Furthermore, after the due process hearing, the three person panel appointed by the Department of Education noted in its decision that the District committed no procedural errors in not reevaluating Taylor over the summer of 2004 after her father told Williams of her hearing loss, and that any inadequacy of Taylor's IEP at the beginning of the 2004-05 school year was caused by the Parents' failure to notify the District of Taylor's hearing loss and the need for reevaluation. Finally, the panel noted that the Parents' failure to give advance notice to the District of their intent to transfer Taylor to Moog "deprived the District from the ability to develop an alternative IEP," and precluded reimbursement.

At this early stage in the litigation, the Court cannot say that the District will be unable to prove any set of facts demonstrating that the litigation ever became frivolous, unreasonable, or without foundation. This fact-intensive inquiry is more properly resolved at summary judgment. The Motion to Dismiss the Counterclaim against Takiff and Hansen is therefore denied.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Plaintiffs' Motion to Dismiss the Counterclaim [Doc. # 30] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

12

Dated:  <u>August 14, 2007</u>
Jefferson City, Missouri